IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:21-cv-527-GCM
IN ADMIRALTY

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

                Plaintiff,

  v.

WLT, LLC,

                Defendant.

**DEFAULT JUDGMENT**

ORDER

This matter is before the court on the Plaintiff's Motion for Default Judgment (ECF No. 8) and the memorandum filed in support of the Motion for Default Judgment (ECF No. 8-1). For the reasons discussed below, Plaintiff's motion is GRANTED.

BACKGROUND

The present suit arises out of a policy of marine insurance issued by Plaintiff CLEAR SPRING PROPERTY AND CASUALTY COMPANY (hereinafter "CLEAR SPRING") to Defendant WLT, LLC (hereinafter "WLT") affording coverage for the 2002 61 ft Viking vessel "EL JEFE" owned by WLT (hereinafter "the Vessel").[1] In order to obtain a policy of marine insurance, WLT submitted an application to CLEAR SPRING's underwriting and claims handling agent, Concept Special Risks, Ltd. (hereinafter "Concept"). Relying on the applicant's duty under federal admiralty law to truthfully disclose all facts material to the proposed risk, even if not asked,

---

[1] All the facts detailed herein are taken from the Plaintiff's Motion for Entry of Default Judgment. (ECF No. 6).

02663-001/00358072-1

Concept issued to WLT Policy No. CSRYP/203325 (hereinafter "the Policy") affording Hull & Machinery coverage for the Vessel in the amount of $925,000.00.

During the period of coverage afforded by the Policy, the Vessel suffered a loss for which WLT sought coverage from CLEAR SPRING. (ECF No. 3). Following an investigation into the causes and circumstances of the loss, CLEAR SPRING determined that the Policy afford no coverage due to certain specific exclusions ((1) wear and tear, gradual deterioration, and/or lack of maintenance, (2) manufacturing defect(s) or design defect(s), including latent defects, and (3) lack of any evidence showing that the loss was caused by an accidental external event).

In order to obtain a decision confirming the lack of coverage under the Policy, CLEAR SPRING filed this declaratory judgment action. As detailed in CLEAR SPRING's Motion for Entry of Default Judgment, WLT was served with a summons and a copy of CLEAR SPRING's amended complaint on October 8, 2021. On December 7, 2021, after the expiration of the deadline for WLT to answer the amended declaratory judgment complaint, CLEAR SPRING filed a motion for entry of default against WLT under Fed.R.Civ.P. 55. (ECF No. 6). On December 9, 2021, this Court entered a default against WLT. (ECF No. 7).

DISCUSSION

Upon default, the well-pleaded facts alleged in the Complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Castillo*, No. 3:18-CV-00271-GCM, 2019 WL 1332380, at *1 (W.D.N.C. Mar. 25, 2019). Where there exists a rule of federal admiralty law, policies of marine insurance are governed by federal admiralty law. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310; 1955 A.M.C. 467 (1955). The present policy of marine insurance contains a choice of law clause which states, "It is hereby agreed that any dispute arising hereunder shall be adjudicated according

to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York." (ECF No. 3-2, p. 16).[2]

Under federal admiralty law and New York law, the insurer bears the burden of proving those facts which trigger an exclusion from coverage. *AGCS Marine Insurance Company v. World Fuel Services, Inc.*, 187 F.Supp.3d 428; 2016 A.M.C. 2487 (S.D.N.Y.2016), *Great Lakes Reinsurance (UK) PLC v. Soveral*, 2007 A.M.C. 672 (S.D.Fla.2007), *Ingersoll Mill. Mach. Co. v. M/V Bodena*, 619 F.Supp. 493; 1987 A.M.C. 988 (S.D.N.Y.1985).

First, the undisputed facts taken from CLEAR SPRING's amended complaint show that the loss suffered by WLT's vessel was caused by wear and tear, gradual deterioration, lack of maintenance, manufacturing defects, and/or design defect, including latent defects. (ECF No. 3, ¶¶9-10). Second, those same undisputed facts show that the loss suffered by WLT's vessel was not caused by an accidental external event. Therefore, CLEAR SPRING is entitled to an order from this Court holding that WLT's insurance claim for damage to the Vessel is not covered by the Policy.

CONCLUSION

Plaintiff's Motion for Default Judgment is ALLOWED. It is hereby ORDERED, ADJUDGED, and DECREED that a declaratory judgment should be and the same is hereby

---

[2] This exact choice of law clause has been found valid and enforceable by multiple federal appellate and district courts throughout the United States. *Great Lakes Reinsurance (UK) PLC v. Durham Auctions Inc.*, 585 F.3d 236; 2010 A.M.C. 185 (5th Cir.2009), *Great Lakes Reinsurance (UK) PLC v. Vasquez*, 341 Fed.Appx. 515 (11th Cir.2009), *Great Lakes Insurance SE v. Andersson*, --- F.Supp.3d ----; 2021 WL 2542489 (D.Mass.2021), *Great Lakes Insurance SE v. Raiders Retreat Realty Co., LLC*, 521 F.Supp.3d 580 (E.D.Pa.2021), *Joseph v. Great Lakes Reinsurance (UK) PLC*, 2011 U.S.Dist LEXIS 35428 (N.D.Oh.2011), *Great Lakes Reinsurance (UK) v. Rosin*, 757 F.Supp.2d 1244, 1251, 2011 A.M.C. 223 (S.D.Fla.2010), *Great Lakes Reinsurance (UK), PLC v. Sea Cat I, LLC*, 653 F.Supp.2d 1193, 2010 A.M.C. 703 (W.D.Ok.2009), *Great Lakes Reinsurance (UK) PLC v. Dion*, 2010 A.M.C. 338 (S.D.Cal.2009), *Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc.*, 2009 A.M.C. 1093 (S.D.Tex.2008).

entered in favor of Plaintiff, and the court hereby declares and rules that the Policy does not afford coverage for the claims asserted by WLT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

Signed: February 1, 2022

Graham C. Mullen
United States District Judge